# EXHIBIT B

CITATION – PERSONAL SERVICE – TRCP 99

# THE STATE OF TEXAS

DELIVERED: 11 /18/ 20
By: _____

## 2020-DCL-05524-B

| | | |
|---|---|---|
| Rafael Escobedo, Jr. | § | IN THE 138TH DISTRICT COURT |
| VS | § | OF |
| Home Depo U.S.A., Inc. | § | CAMERON COUNTY, TEXAS |

TO    **Home Depo U.S.A., Inc.**
**c/o registered agent Corporate Service Company**
**D/B/A CSC-Lawyers Inco**
**211 E 7th Street Suite 620**
**Austin TX 78501**

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition with Written Discovery** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 138th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition with Written Discovery** was filed in said court on **November 12, 2020**, in the above entitled cause.

2020-DCL-05524                              Rafael Escobedo, Jr. vs. Home Depo U.S.A., Inc.

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition with Written Discovery** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 16th day of November, 2020.

ATTORNEY:
**Robert L. Perez**
**24051616**
**956-683-7777**
**Loncar & Associates**
**321 S 12th Street**
**Mcallen TX 78501**



**Elvira S. Ortiz**
District Clerk of Cameron County
974 E Harrison St.
Brownsville, Texas 78520
Date: 11/16/2020 3:50:27 PM

By:_____
**Ezequiel Zepeda**, Deputy Clerk

CT#: 11/18/20 at 1:05 PM

FILED - 11/12/2020 12:00 AM
2020-DCL-05524 / 47998591
ELVIRA S. ORTIZ
Cameron County District Clerk
By Viviana Fuentes Deputy Clerk

CAUSE NO. 2020-DCL-05524
_____

| | | |
|---|---|---|
| RAFAEL ESCOBEDO, JR. | § | IN THE DISTRICT COURT |
| | § | Cameron County - 138th District Court |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPO U.S.A., INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH WRITTEN DISCOVERY

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES RAFAEL ESCOBEDO, JR., hereinafter referred to as Plaintiff, and files this, his Original Petition against HOME DEPO U.S.A., INC., hereinafter referred to as Defendant, and for cause of action will show the Court the following:

### DISCOVERY CONTROL PLAN – BY RULE (LEVEL 3)

1.  Plaintiff intends to conduct discovery under Level 3 as provided by Rule 190 of the Texas Rules of Civil Procedure.

### CLAIM FOR RELIEF

2.  Plaintiff is seeking monetary relief in an amount no less than $100,000.00 but no more than $1,000,000.00.

### PARTIES

3.  Plaintiff Rafael Escobedo, Jr. resides in San Benito, Cameron County, Texas.

4.  Defendant, HOME DEPO U.S.A, INC., is a corporation that conducts business in Texas and be served with process by serving its registered agent: Corporate Service Company D/B/A CSC-Lawyers Inco at the following address: 211 E. 7th Street, Suite 620, Austin, Texas 78501.

Page 1 of 5

### VENUE AND JURISDICTION

5.      The incident described hereinbelow or events giving rise to Plaintiff's claim against Defendant arose in Harlingen, Cameron County, Texas. Venue for this cause of action therefore lies in Cameron County, Texas.

6.      The damages that Plaintiff is seeking from Defendant are within the jurisdictional limit of the Court. This Court therefore has jurisdiction of this cause of action.

### FACTS

7.      On November 30, 2018, at approximately 7:30 p.m., Plaintiff was shopping at Defendant's **HOME DEPO U.S.A, INC.** store located at **4710 S Expressway 83, Harlingen, Cameron County, Texas.** Plaintiff was walking on or around the entrance of the garden section, slipped on water and fell to the floor, and suffered injuries and damages. A puddle of water was on the floor, and it caused Plaintiff to slip and fall. The water had been on the floor for so long, it had become dirty. Defendant's employees were in close proximity to the puddle of water on the floor for a long period of time before Plaintiff slipped and fell.

### CAUSE OF ACTION BASED ON PREMISES LIABILITY LAW AND PROXIMATE CAUSE

8.      At all time that is material to the incident described hereinabove and this case, Defendant was negligent under premises liability law in that: A. Plaintiff was a business invitee, B. Defendant owned, possessed, and/or controlled the premises where the incident described hereinabove occurred, C. A condition on the premises, the water on the floor and/or the wet and slippery floor, as described in the preceding paragraph, posed and unreasonable risk of harm, D. Defendant knew or reasonably should have known of the danger posed by the condition, and E. Defendant breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the condition reasonably safe. This negligence by Defendant was

Page 2 of 5

the sole proximate cause or a proximate cause of the incident described hereinabove and of the injuries and damages suffered by Plaintiff, as set our hereinbelow.

## DAMAGES

9.    As a approximate cause of the negligence of Defendant in causing the incident described hereinabove, Plaintiff suffered injuries, suffered physical pain and mental anguish in the past, will suffer physical pain and mental anguish in the future, suffered physical impairment in the past, will suffer physical impairment in the future, suffered physical disfigurement in the past, will suffer physical disfigurement in the future, lost wages in the past, and will incur a loss of earning capacity in the future, incurred medical expenses in the past, and will occur medical expenses in the future.

## VICARIOUS LIABILITY

10.    At all time that is material to the incident described hereinabove and this case, Defendant's employees acted within the course, scope, and authority of their employment and/or agency relationship with Defendant.  Defendant should therefore be held vicariously liable to Plaintiff for all of Plaintiff's damages alleged herein.

## REQUEST FOR WRITTEN DISCOVERY

11.    Under Texas Rules of Civil Procedure 194.2, Plaintiff requests that Defendant named herein disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) through (I). This is to give further notice to the Defendant and Defendant's attorney(s) that attached to this Petition as Exhibit "A", and being served herewith, are:

A. Plaintiff's First Set of Interrogatories to Defendant;

B. Plaintiff's First Request for Production of Documents to Defendant; and

C. Plaintiff's First Request for Admissions to Defendant; and

D. Plaintiffs' First Request for Disclosures to each Defendant.

12.    Defendant is hereby requested to serve on the undersigned counsel true and complete responses to all written discovery requests within fifty (50) days of service.

## PREJUDGMENT AND POST JUDGMENT INTEREST

13.    Plaintiff further sues Defendant herein for prejudgment interest at the maximum rate allowed by the law on those damages where such interest may be assessed and for post judgment interest at the maximum rate allowed by law on all of Plaintiff's damages from the date of judgment until the judgment is paid in full.

## REQUEST FOR JURY AND JURY FEE

14.    Plaintiff requests that the above-styled and numbered cause be tried to a jury and represents to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiff's Original Petition.

## DESIGNATED SERVICE AT E-MAIL ADDRESS

15.    The following is the undersigned attorney's designation of electronic service e-mail addresses for all electronically served documents and notices, filed and unfiled, pursuant to Tex. R. Civ.P. 21(f)(2) and 21(a): acedillo@loncarassociates.com and azambrano@loncarassociates.com. As such, these are the only electronic service e-mail addresses and the undersigned counsel does not accept service through any other e-mail address.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES, CONSIDERED,  Plaintiff pray that upon final hearing, he have judgment against Defendant for all of his damages hereinabove alleged, for prejudgment and post judgment interest, and for any and all other relief, both general and special, in law and in equity, and for all costs of Court in his behalf expended.

Respectfully Submitted,

LONCAR ASSOCIATES

ROBERT L. PEREZ
State Bar No. 24051616
rperez@loncarassociates.com
ASHLEY CEDILLO
State Bar No. 24092236
acedillo@loncarassociates.com
321 S. 12th Street
McAllen, Texas 78501
(956) 683-7777-Tel
(956) 683-7781- Fax
**ATTORNEYS FOR PLAINTIFF**

2020-DCL-05524 /47998591
ELVIRA S. ORTIZ
Cameron County District Clerk
By Viviana Fuentes Deputy Clerk

CAUSE NO. 2020-DCL-05524

| | | |
|---|---|---|
| RAFAEL ESCOBEDO, JR. | § | IN THE DISTRICT COURT |
| | § | Cameron County - 138th District Court |
| vs. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| HOME DEPO U.S.A., INC. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN
## DISCOVERY TO DEFENDANT THE HOME DEPOT

TO:   Defendant, HOME DEPO U.S.A., INC., by serving its registered agent, Corporate Service Company D/B/A CSC-Lawyers Inco at the following address: 211 E. 7th Street, Suite 620, Austin, Texas 78501.

Pursuant to Texas Rules of Civil Procedure 196, 197, and 198, Plaintiff, RAFAEL ESCOBEDO, JR., serve these Interrogatories, Requests for Production, and Requests for Admissions on Defendant HOME DEPO U.S.A, INC.

For any Interrogatory, it is intended by these discovery requests to elicit information not merely within your own personal knowledge, but obtainable by you, including information in possession of anyone acting on your behalf, such as your attorney, investigators, insurance carriers and their representatives. If you cannot answer these interrogatories requests in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions. The answers to these interrogatories shall be made separately, fully, and in writing within fifty (50) days after service and delivered to Loncar Associates, 321 S. 12th Street, McAllen, Texas 78501.

For any Request for Production, Defendant must produce all requested documents (as they are kept in the ordinary course of business or organized and labeled to correspond with categories in each request) for inspection and copying, within fifty (50) days after service and

Page 1 of 32

delivered to Loncar Associates, 321 S. 12th Street., McAllen, Texas 78501.

For any Request for Admission, Defendant must admit the truth of each of the matters set forth below. You are advised that each of the requests below shall be deemed admitted unless delivered to Loncar Associates, 321 S. 12th Street., McAllen, Texas 78501., within fifty (50) days after receipt of this request within the provisions of Rule 198, a statement in denial thereof or a factually specific statement of the reasons you cannot admit or deny each request.

All discovery responses and answers shall be supplemented not less than thirty (30) days prior to the beginning of trial in accordance with Rule 193.5 of the Texas Rules of Civil Procedure.

## A. Instructions

1.      Unless otherwise specified, all Interrogatories and Request for Production are limited to the time period from January 1, 2016, to present.

2.      Where a specific Document is requested, such Request shall not be interpreted to exclude any other Document where it is known that such other Document contains information relevant to the Request.

3.      Each Document produced pursuant to these Requests shall be produced as it is kept in the normal course of business (for example, in the folder or binder in which such Documents were located when the Requests were served) or shall be organized and labeled to correspond with the categories in these Requests. We ask that each document be produced in color, if a color format of the document is not available, please specify as to why no color format of the document in available in your response.

4.      Do not produce ESI in its native format. Instead, each ESI file must be converted

into a PDF or multi-page TIFF file with bates-labeled pages, and produced along with a corresponding load file (Summation, Concordance, or WayPoint) containing the bates numbers and all metadata from the native ESI file. Please utilize a separate bates number or identifier for each defendant to designate which party(ies) have possession, custody, or control of responsive Documents or ESI

5. If production in the manner specified herein is not reasonably feasible, Plaintiff will cooperate with Defendants in an effort to determine an alternative and reasonable method of production. An answer/response that states "these documents are available to be reviewed in the Defendant's attorney office and/or are available at your expense" or similar responses/answers to the Plaintiff's requests are unacceptable unless stated otherwise for a particular request.

6. With respect to any Document that You seek to withhold on a claim of privilege, a statement shall be provided setting forth as to each such Document:

a) The name(s) of the sender(s) of the Document;

b) The name(s) of the author(s) of the Document;

c) The name(s) of each Person to whom the originals or copies were sent and each Person who has seen the Document;

d) A brief description of the of the nature of and subject matter of the Document;

e) The date of the Document;

f) The current custodian of the Document; and

g) The nature of the privilege claimed.

7. For a Document that no longer exists, cannot be located, or that was but no longer is in Your possession, custody, or control, state precisely what disposition was made of the Document, including how and when it passed out of existence, when it could no longer be located

Page 3 of 32

or accessed, and the reasons for the disappearance or loss of possession, custody, or control. Also, identify the Document, each Person having knowledge about the disposition or loss of the Document, and identify any other Document evidencing the lost Document's existence or any facts about the lost Document. When identifying a Document, You must state (1) its date, title, author, or Person over whose name it is issued, its addressee, parties thereto, its subject matter, the type of Document, (*e.g.*, letter, memorandum, telegraph, chart, etc.) or, if the foregoing information is not available, a statement to that effect, and such other description of the Document as to its form and content sufficient for it to be identified for the purpose of subpoena under the Texas Rules of Civil Procedure, or a Request for Production of Documents under the Texas Rules of Civil Procedure, and (2) its present location and the name and address of each of its custodians.

      a)  When identifying a natural Person, You must state the (1) full name and present or last known address and telephone number, (2) present or last known business affiliation, and (3) business affiliation and position at the time of the context in which such Person is identified.

      b)  When identifying any Person other than a natural Person, You must state (1) the full name and present or last known address and telephone number of the Person, and a description of the business and industry of the Person, (2) the state of incorporation, its principal place of business, or the state of residence, as applicable, and (3) the names of principal officers, directors, members, managers, general and limited partners, and joint ventures, as applicable.

8.      In the event any question cannot be fully answered after the exercise of reasonable diligence, You shall furnish as complete an answer as You can and explain in detail the reasons why You cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when You will be in that position.

9.      These discovery requests are deemed to be continuing. Therefore, if a Document responsive to any Request is not discovered or identified by You or in existence or Your possession, custody or control at the time of Your first response, but is later discovered or

identified by You or comes into existence or Your possession, custody or control, You must promptly produce the Document responsive to such Request.

10.    Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

11.    For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

    a.    When identifying a document, you must state the following:

        (1)    The nature of the document (e.g., letter, handwritten note);

        (2)    The title or heading that appears on the document;

        (3)    The date of the document and the date of each addendum, supplement, or other addition or change; and

        (4)    The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

    b.    When identifying the person, you must state the following:

        (1)    The full name;

        (2)    The present or last known residential address and residential telephone number;

        (3)    The present or last known office address and telephone number; and

        (4)    The present occupation, job title, employer, and employer's address.

## B. Definitions

1.      "Defendant," "shall mean "**HOME DEPO U.S.A, INC.**" "HOME DEPOT, INC," "THE HOME DEPOT", "HOME DEPO," "You," and "Your" are deemed synonymous and are deemed to include "**HOME DEPO U.S.A., INC.**", and all of its past and present officers and employees, whether assigned to its principal offices or any of its field or other locations, including all of its divisions, subsidiaries (whether or not incorporated) and affiliated enterprises and all of their headquarters, regional, zone and other offices and their employees, and all agents, contractors, consultants, attorneys and law firms and other persons engaged directly or indirectly (e.g., employee to a consultant) by or under the control of "**HOME DEPO U.S.A., INC.**".

2.      "Plaintiff" shall mean and refer to **Rafael Escobedo, Jr.**

3.      "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by writing or by media such as intercoms, telephones, including cellular phones, computers, electronic mail, television, radio, and/or the mail.

4.      "Document" as used herein shall mean and include all original writings of any nature whatsoever and all copies thereof which are not identical with the original or which contain any commentary, notation, attachment, agenda, and/or appendices thereto that does not appear on the original, whether typewritten, handwritten, drawn, punched, printed, recorded, taped, electronic, digital or graphic matter, photographic matter or sound reproduction of any kind in any form whatsoever, mechanically or otherwise recorded matter of whatever character,

**Page 6 of 32**

including, but not limited to, reports, records, letters, correspondence, drafts, telegrams, telexes, memoranda, facsimile copies, ledgers, ledger entries, books of account, bookkeeping and account records, minutes, contracts, leases, notes, electronic recordings, electronic transcripts, hard drives, electronic mail, electronic tapes, tape recordings, disk recordings, voice recordings, video recordings, motions pictures, computer disks, computer programs, microfiche, microfilm, film, photographs, delivery documents, work sheets, work papers, work orders, schedules, time records, visitor records, work records, telephone bills and records, expense records, travel and entertainment records, computer printouts, financial statements and reports, accounting records, bank records, bank statements, canceled checks, check stubs, check books, deposit receipts, employee records, payroll records, notes, calculations, tabulations, purchase orders, bills, diaries, diary entries, journals, journal entries, articles, magazines, newspaper articles, circulars, trade letters, press clippings, books, resumes, pamphlets, periodicals, publications, advertisements, calendars, appointment of calendars or records, charts, maps, graphs , catalogues, surveys, studies, inspections, estimates, spreadsheets, statistical data, manuals, brochures, invoices, desk calendars, work sheets, tapes, records of telephone calls, inter- or intra-office communications, statements, fee statements, records of legal services rendered and fee expenses charged, marginal notations, summaries or other records of either personal or telephonic conversations, summaries or other records of meetings or conferences, summaries or other records of negotiations, or discussions of any kind, investigative reports, announcements, depositions, answers to interrogatories, affidavits, pleadings, judgments, transcripts, transcripts of hearings, transcripts of testimony, and any other document or writing and any carbon or photographic copies of any such material (and any other data compilations from which such information can be obtained or translated) of

Page 7 of 32

which You have knowledge whether or not such document is in Your possession, custody or control and irrespective of who prepared or signed such document. This definition specifically includes any information stored or existing on computer disks, computer hard drives, or computer networks, including electronic mail or e-mail, regardless of whether such information is or has been maintained in hard copy form. Such electronic or magnetic data shall be produced in a printed form, unless otherwise instructed. If You are unable, or it is impracticable, to print responsive electronic or magnetic data, the data shall be produced in its native computer readable format with an identification of its associates software application and computer system on CD-ROM in a format that is accessible through commercially available software, e.g. Microsoft Word, Word Perfect, and Microsoft Excel. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

5.      "Subject incident," "accident," "alleged incident," or "occurrence" shall mean the incident described in Plaintiff's Original Petition that is the basis of Plaintiff's claim and cause of action against Defendant currently pending in the above numbered and styled cause.

6.      "Alleged premises" and "premises" shall mean the premises of Defendant's HOME DEPO U.S.A, INC. store located at 4710 S Expressway 83, Harlingen, Cameron County, Texas, where alleged incident occurred.

7.      "Alleged condition" and "condition" shall mean the liquid on the floor and/or the wet and slippery floor on the premises when and where the alleged incident occurred.

8.      "Scene" and "area where the alleged incident occurred" shall mean within 100 feet of where alleged condition existed and four hours before and four hours after the alleged incident occurred.

9.      "You", "Your", "Person" or "Individual" is used in its broadest sense and means any individual, firm, corporation, partnership, trust, association, joint venture, governmental agency, or any other form of entity, together with any officers, directors, partners, trustees, shareholders, agents, corporate agents, investigators, representatives, servants, employees (current or former) or attorneys thereof, or any other persons acting on its/their behalf or in concert with them, whether directly or indirectly.

10.      The terms "relate," "relating," "related," and/or "concerning" as used herein, include referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about, regarding, responding to, showing, , analyzing, discussing, describing, evidencing, referencing, reflecting, documenting, or pertaining to either directly or indirectly to the request.

11.      "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections od documents, maintained, held, or sorted in folder, notebooks, or other devices for separating or organizing documents, including and not limited to just electronics files.

12.      "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal to or superior to that the person who has physical possession of the item.

13.      The words "alter" and "modify" unless otherwise specifically defined herein, mean and include any fabrication, change, servicing, overhaul, update, maintenance, repair, and/or installation performed before, during, or after the alleged incident.

14.      The term "employee" shall mean and include but not be limited to any person, individual, agent, contractor, servants, representatives, borrowed servants, and/or

11-25-2020                           20181144506                           6020201125019106

subcontractor employed by Defendant or co-defendants involved in the alleged incident in question.

15.    "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

16.    "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following paragraphs all responses which might otherwise be construed to be outside their scope.

17.    "Including," as used herein, means "including without limitation" and "including but not limited to."

18.    References to the singular shall include the plural and references to the plural shall include the singular.

### C.    Protective Order

If you intend to object to responding to any of these requests based upon the need for entry of a protective order, please do so in good faith by circulating your proposed protective order, rather than waiting until the responses are due to claim you are in need of a protective order that you have not provided. If you will claim that you need a protective order, then please immediately advise counsel for Plaintiff and circulate your proposed draft of a protective order.

Respectfully Submitted,
LONCAR ASSOCIATES

ROBERT L. PEREZ
State Bar No. 24051616
rperez@brianloncar.com
ASHLEY CEDILLO
State Bar No. 24092236
acedillo@loncarassociates.com
321 S. 12th Street
McAllen, Texas 78501

(956) 683-7777-Phone
(956) 683-7781 - Fax
ATTORNEYS FOR PLAINTIFF

11-25-2020                    20181144506                    6020201125019106

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**INTERROGATORY NO. 1:**

Please state the full name, address, telephone number, title, employer, and position of each person responding to and/ or assisting in responding to these interrogatories on behalf of Defendant and whether such person or persons have some knowledge of the relevant facts related to the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 2:**

Please state the full and correct name, address, and telephone number of the party, entities, and individuals that owned, possessed, controlled, managed, the alleged premises when the alleged incident occurred. For each individual, state:

    a. His/her job title;
    b. A description of his/her duties;
    c. What his/her financial interest in the business is;
    d. The inclusive dates of his/her qualifications and experience in managing such a business; and
    e. The location of the named individual at the time of the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please state the full name, address, telephone number, title, and position of all of Defendant's employees, managers, or persons having supervisory authority who interviewed, questioned, or spoke to Plaintiff, Plaintiff's family members, witnesses, or anyone else concerning the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 4:**

If a report was made by Plaintiff, Plaintiff's family members, witnesses, or an employee of Defendant in the ordinary course of business with respect to the alleged incident, please state the name, address, and telephone number of the person who made the report, their relation to the case, their job title, the date and time the report was made, and in who's custody it is in.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please describe all complaints (written and verbal) made by customers and Defendant's employees regarding the existence of the alleged condition before the alleged incident occurred, including the names, addresses, telephone numbers of the individuals who made the complaints, and the dates the complaints were made.

**ANSWER:**

**INTERROGATORY NO. 6:**
Please describe the alleged condition that caused Plaintiff to suffer injuries and damages at the time of the alleged incident, including:

    a. The color of the alleged condition;
    b. The size of the alleged condition:
    c. The location of the alleged condition on the alleged premises;
    d. How long the alleged condition existed on the alleged premises before the alleged incident occurred;
    e. Why the alleged condition existed on the premises in the manner that it did at the time when the alleged incident occurred; and
    f. The name, addresses, and telephone number of Defendant's employee who first examined the alleged condition after the alleged incident occurred.

**ANSWER:**

**INTERROGATORY NO. 7:**
Please describe the content and substance of any verbal and written conversations that Defendant's employees had with Plaintiff, Plaintiff's family members, witnesses, or anyone else concerning the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 8:**
Did Defendant conduct an investigation of the alleged incident? If Defendant did not conduct an investigation, please state why no investigation of the alleged incident was conducted. If an investigation was conducted, please state:

    a. If the investigation was conducted in the regular course of business and standard procedure for Defendant to investigate any incident on the premises wherein somebody was injured;
    b. The name of the person or person who conducted the investigation;
    c. The date and time of the investigation;
    d. Whether any document or report was made as the result of this investigation, and if so, the name and address of the person who has custody of the report; and
    e. What Defendant contents happened or occurred at the time of the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 9:**
What is Defendant's contention as to the Plaintiff's legal status on the premises at the time of the alleged incident, that is, whether Plaintiff was a business invitee, licensee, or trespass, and state your reasons for contending so?

Page 13 of 32

**ANSWER:**

**INTERROGATORY NO. 10:**
Was any warning given to Plaintiff or any other person accompanying Plaintiff at the time of alleged incident concerning any danger in the area where the alleged incident occurred? If so, for each warning state:

    a. A description of, or the substance of, the warning that was given;
    b. The name, or other means of identification, and address of each person who gave the warning;
    c. The name, or other means of identification, and address of each person to whom it was given;
    d. The form in which it was given;
    e. The language in which the warning was given; and
    f. The reason the warning was given.

**ANSWER:**

**INTERROGATORY NO. 11:**
Was there any barrier and/or safety devices, in the area where the alleged incident occurred? If so, for each barrier and/or safety device, state:

    a. A description of the barrier and/or safety devices, including its size and color;
    b. Its location;
    c. Its purpose;
    d. Its distance from the alleged condition; and
    e. Whether it was in use at the time of the alleged incident, and, if not, the reason it was not in use.

**ANSWER:**

**INTERROGATORY NO. 12:**
Please describe how the alleged incident occurred, including the contributing factors that caused the alleged incident to occur, and state each defense you have raised or will be raising at the time of trial.

**ANSWER:**

**INTERROGATORY NO. 13**
Please provide the names, addresses, and telephone numbers of Defendant's employees, servants, agents, representatives, and/or borrowed servants who were at the scene of the alleged incident, four hours before and four hours after the alleged incident occurred. For each individual, please also state:

    a. His/her job title;
    b. A description of his/her duties;

c. His/her location at the time of the alleged incident;

d. How far he/she was from the condition at the time of the alleged incident; and

e. Whether he/she was responsible for the inspection, safety, cleaning, maintenance, and upkeep of the scene of the alleged condition before and/or at the time the alleged incident occurred.

**ANSWER:**

**INTERROGATORY NO. 14:**

Please state whether or not any photographs or surveillance store footage, videos were made by you or persons representing your interest of either the scene of the alleged incident. If so, state the date and time the photographs were taken, the name and address of the person taking the photograph, and the name and address of the person having custody of the above referenced items. If the above referenced items do not exist, please explain why none of the above referenced items were preserved.

**ANSWER:**

**INTERROGATORY NO. 15:**

Please state whether defendant contends that a third-party was in any manner responsible for the occurrence of the alleged condition, alleged incident, and Plaintiff's resulting injuries and damages: if so, provide the name, address, the telephone number of the third-party and state how the third-party was responsible for the occurrence of the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 16:**

If you had had any other claims/incidents prior to the alleged incident which are substantially similar to the alleged incident that occurred in the alleged premises five (5) years from the date of the alleged incident that forms the basis of this lawsuit, please provide details of those incidents, including, identify any documents and photographs which reflect such incidents, and identify witnesses and parties to those other incidents.

**ANSWER:**

**INTERROGATORY NO. 17:**

If Defendant has been involved in a negligence and/or premise liability lawsuit limited to only the alleged premises where the alleged incident occurred, in the past five (5) years before the accident made the basis of this lawsuit occurred, please provide us with the nature of the suit, the court where such suit took place (including federal and state lawsuits), including the complete style of the cause of action, and the date such suit was filed and the final disposition of the case.

**ANSWER:**

Page 15 of 32

**INTERROGATORY NO. 18:**
Please state whether the alleged premises has changed, altered, or has been modified in any way since the occurrence of the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 19:**
Please state Defendant's policy with regard to videotaping the alleged premises, whether the alleged premises was being videotaped at the time that the alleged incident occurred, company policy as to how much time must be preserved prior and after the occurrence of a claim/incident, and whether a videotape of the alleged incident exists, and the name, title, address, and telephone number of the individual who possess the videotape, DVD, CD, or other recording of the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 20:**
Please state your policy with regard to inspecting and maintaining the alleged premises on a regular basis in order to maintain it in a safe and danger-free manner, the date and times that the alleged premises and alleged condition were inspected, and the names, addresses, and telephone numbers of the individuals who attempted to carry out said policy on the date of the alleged incident.

**ANSWER:**

**INTERROGATORY NO. 21:**
If you content that any of the injuries or infirmities that Plaintiff claims resulted from the alleged incident were pre-existing or were caused by a subsequent injury or illness:

    a.  State in detail each such contention; and
    b.  State the name, address, and telephone number of each person who possesses knowledge of relevant facts relating to each such contention.

**ANSWER:**

**INTERROGATORY NO. 22:**
If you contend that Plaintiff has exaggerated any complaint, symptom, or impairment in connection with the injuries alleged to have been sustained in the incident:

    a.  Identify each complaint, symptom, or impairment which has been exaggerated and;
    b.  State the name, address and telephone number of each person who has knowledge of relevant facts with respect to each of your contentions.

**ANSWER:**

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

**REQUEST FOR PRODUCTION NO. 1:**
Please product a copy of the architectural plan, maps, sketch, drawing, and photographs of the alleged premises and area where the alleged incident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**
Please produce a copy of all documents that show the full and correct name of the Defendant, whether Defendant was a sole proprietorship, a general partnership, a limited partnership, a corporation or any other type of business entity; Defendant's assumed name or the name under which it does business, the name and names of the owner or owners, the partners, the officers, and the agent for service of process of defendant, and their correct addresses and telephone numbers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**
Please produce a copy of all motion pictures, photographs and/or videotapes that Defendant has in it possession and/or control of the alleged premises, the area where the alleged incident occurred, the alleged condition, and the alleged incident. This request includes store surveillance footage taken on the day of alleged incident or was preserved due to the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**
Please produce a copy of all maps, motion pictures, photographs, plats, drawings, diagrams, measurements, or other written depictions of the alleged incident, the alleged premises, the area where the alleged incident occurred, and the persons involved in the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**
Please produce copies of all documents that were generated by Defendants as a result of the occurrence of the alleged incident, including but not limited to statements (written and recording), investigative reports, notes, managerial reports, and incident reports.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**
Please produce a copy of all materials including, but not limited to, employees manuals, training materials, memoranda, and correspondence pertaining to safety rules and/or regulations to be followed by Defendant and its employees to ensure the safety of customers from hazardous, unsafe and/or dangerous conditions at the alleged premises.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce copies of all document evidence procedures and policies regarding creating and maintaining a safe business environment in order to ensure customer safety. This includes all written material, slides, photographs, films, videotapes, and computer-based learning programs.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**

Please produce copies of all documents evidencing the names, addresses, and telephone numbers of Defendant's employees who were responsible for maintaining the alleged premises and the area where the alleged incident occurred on the date of the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**

Please produce copies of all photographs of the alleged condition at the time that the alleged incident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of all documents, photographs, and items generated as a result of any investigation that was made concerning the alleged incident in Defendant's possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any contracts between the owner of the alleged premises and any person or entity that relate to the issues of ownership, management, and maintenance in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents you have obtained concerning the Plaintiff's physical and/or mental conditions existing either before or after the alleged incident including but not limited to all records, statements, reports, pictures, or writings obtained from doctors, physicians, medical practitioners, chiropractors, psychologist, therapists, hospitals, clinics, nursing homes or treatment centers, or other health care providers or facilities, other than those provided to you by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Please produce all documentation evidencing any write-ups, reprimands, demotions, decreases in pay, punishment and/ or terminations given to Defendant's employees for any reason concerning the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Please produce all documents evidencing the names, addresses, and telephone numbers of all of Defendant's employees and other individuals who witnessed the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Please produce all documents obtained by Defendant by way deposition upon written question, Plaintiff's executed authorization, subpoena, affidavit obtained through discovery, including, and not just limited to medical records, radiology records, pharmacy records, psychiatric records, billing records, employment records, federal and state income tax records, military records, social security records, scholastic/education, and insurance claim records.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Please produce documents evidencing the full and correct name, address, and telephone number of the party(s) that owned, possessed, controlled, management, and maintaining the alleged premises and/or area where the alleged incident occurred, on the date that the alleged incident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
Please produce all documents evidencing the names, addresses, and telephone numbers of all Defendant's employees or managers, who interviewed or questioned the Plaintiff, Plaintiff's agents, Plaintiff's family members, witnesses, or anyone else concerning the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Please produce all documents evidencing complaints made by customers and Defendant's employees regarding the existence of the alleged condition before the alleged incident occurred and the names, addresses, and telephone numbers of the individuals who made the complaints.

**RESPONSE:**

Page 19 of 32

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all recordings of conversations that Defendant's employees and agents had with Plaintiff, Plaintiff's agents, Plaintiff's family members, witnesses, vendors, or anyone else concerning the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents evidencing the names, addresses, and telephone numbers of Defendant's employees, servants, agents, representatives, and/ or borrowed servants who were at the area of the alleged incident at the time the alleged incident occurred including, four hours prior to the alleged incident and four hours after the alleged incident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all documents evidencing that a third-party was in any manner responsible for the occurrence of the alleged incident and Plaintiff's resulting injuries and damages, the name, address, and telephone number of the third-party, and how the third-party was responsible for the occurrence of the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

Please produce documents evidencing when it was that Defendant became aware of the existence of the alleged condition on the alleged premises before the occurrence of the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all documents evidencing that Plaintiff is in any way responsible for causing the alleged incident and his resulting injuries and damages, if you contend that he is responsible for causing the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.24:**

Please produce all documents evidencing why the alleged condition existed on the alleged premises at the time that the alleged incident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**

Please produce documents evidencing what precautions or safety barriers, if any, were taken by you or put in place, or any agent or employee of the Defendant, prior to the occurrence of the alleged incident to prevent the alleged incident from occurring on the

day of the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**
Please produce all documents evidencing other incidents five (5) years prior to the alleged incident (slip and falls) to present day which are substantially similar to the alleged incident that occurred on the alleged premises.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**
Please produce all documents evidencing all claims and lawsuits that have been made or filed against Defendant five (5) years prior to the alleged incident that are substantially similar (slip and falls) to the claims and lawsuits that Plaintiff has brought against Defendant in this case, that occurred at the alleged premises where the alleged incident occurred; including the dates that the claims and lawsuits were made or filed, the names, addresses, and telephone numbers of the parties involved in the claims and lawsuit its, the factual basis of the claims and lawsuits, and how the claims and lawsuits were resolved.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**
Please produce all documents evidencing that the alleged premises and area where the alleged incident occurred has changed, modified, or been altered since the occurrence of the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**
Please produced Defendant's policy with regarding to videotaping the alleged premises when claims and incidents that resulted in bodily injury are brought to Defendant's employee's attention.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**
Please provide Defendant's policy with regard to inspecting the alleged premises on a regular basis in order to maintain them in a safe and danger-free manner, the date and times that the alleged premises was inspected prior to the occurrence of the alleged premises, and the names, addresses, and telephone numbers of the individuals who attempted to carry out said policy at the alleged premises on the date of the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**
If any meetings or safety meetings occurred as a result of the alleged incident, please provide all documents generated as a result of those meetings, including the minutes generated as a result of the meetings, and the list of individuals who were present at the meeting.

Page **21** of **32**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**
Please produce copies of any indemnity and or settlement agreement applicable to any determination of liability for any person, entity, or party that related to the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**
Please produce all documents evidencing an arrest and/or conviction of the Plaintiff, Plaintiff's witnesses, Plaintiff's treating providers or Plaintiff's retained experts, and Defendant's retained experts which Defendant may use at trial, pursuant to Tex. R. Civ. Evid. 609(f).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO.34:**
All surveillance movies, photos, or other graphic representation or renderings of Plaintiff, Plaintiff's witnesses, Plaintiff's treating providers, or Plaintiff's retained experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**
Please produce a copy of any incident reports concerning improper maintenance of the alleged premises for eight (8) months preceding the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**
Please produce a copy of any incident reports concerning improper maintenance for the area where the alleged incident occurred for two years preceding the alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**
Please produce a copy of all materials including, but not limited to, employees manuals, training materials, memoranda, and correspondence pertaining to training Defendant's employees in filling out incident reports that were in place on the date of alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**
Please produce a copy of any work schedules indicating the names of the employees who were working on the day of the alleged incident in the area of where the alleged incident occurred, four hours prior to the alleged incident and four hours after the alleged incident occurred.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**
Please produce copies of all correspondence, communications, letters, notes of oral communications, and all other documents or writing sent to or received from or exchanged by and between you and Plaintiff, Plaintiff's family members, Plaintiff's agents, Plaintiff's representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**
Please provide all documents which reflect the names and present or last known location of all persons known to you, your attorney, or any other persons acting on your behalf who were witnesses to the occurrence, present at the scene of the occurrence or might have knowledge of facts relevant to the occurrence that made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**
Please produce all investigative reports including adjuster notes pertaining to the alleged incident, which were compiled prior to an anticipation of litigation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**
Please produce a complete copy of your insurance company's file from the date of the alleged incident until it first received Plaintiff's notice of representation for this alleged incident.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**
Please produce all treatises, periodicals, and pamphlets that you may offer or use in the trial of this cause under Rule 803(18) of the Texas Rules of Evidence.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**
Please produce copies of all reports, physical models, compilations of data, photographs and other material provided, to, reviewed by, or prepared by a testifying/retained expert or for an expert in anticipation of the expert's deposition and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis, either in whole or in part, of the opinions of an expert who may be called as a witness at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**
Please produce a copy of all documents reflecting and/or constituting mental impressions and opinions held by a testifying/retained expert and facts known to the testifying/retained expert

which relate to or form the basis of the mental impressions and opinions held by the testifying/retained expert, including any expert used for consultation if the expert's work product forms a basis, either in whole or in part, of the opinions of an expert who may be called as a witness.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**
Please produce a copy of any incident reports prepared either by a law enforcement agency or government agency pertaining to the alleged incident in your possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**
Please produce a copy of all employment and lost wage documentation pertaining to Plaintiff, obtained throughout discovery in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**
Please produce copies of all documents which will be used at time of trial for the impeachment of any witness in the case, including but not limited to the plaintiff, witness, and any testifying and retain experts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**
Please provide all documents that will be introduced into evidence at the time of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**
Please produce all credit histories or reports of the Plaintiff, Plaintiff's family members, and Plaintiff's agents obtained by you, your insurance company, your attorney, investigator, agent, or anyone else acting on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**
Please produce a copy of retainer agreements, compensation agreements, fee schedules, invoices, and billing statements, and payments between defendant, defendant's counsel, or defendant's insurer(s) for each of defendant's retained testifying expert witnesses. If you contend that no such documents exist, then please so state.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**

Please produce complete and legible copies of all written reports and all depositions given by defendant's testifying expert witnesses in other cases in which the expert was retained by defendant's counsel, defense counsel's law firm, or defendant's liability insurance carrier. If you contend that no such documents exist, then please state so.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**

Please complete, legible and unaltered copies of all written standards, practice guidelines, protocols, rules or regulations regarding patient diagnosis, patient management, patient care or treatment, and Plaintiff's treatment expenses, which you contend are relevant to this lawsuit. If you contend that no such documents exist, then please so state.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**

Please produce complete and legible copies of all in voices or billing statements submitted by or on behalf of any person for work done in connection with the taking of any photographs, videotapes or films in your possession, the possession of your attorney, your experts, or any other person acting on your behalf pertaining to the alleged incident, the damage of any property involved in the alleged incident, the scene of the alleged incident, plaintiff surveillance or any other fact or matter that is the subject, or related to the subject, of this suit, whether or not expected to be introduced into evidence at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**

Please produce complete and legible copies of each reservation of rights letters or other documents from your insurer(s) that imposes any limitations or condition upon its/their provision to you of a defense in the present case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**

Please produce complete and legible copies of each lawsuit filed by your insurance company against you in state and or federal court for the past five (5) years alleging a failure of coverage under the insurance policy which is part of the subject of this litigation in the present case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**

Please produce all documents evidencing the names, addresses, and telephone numbers of all of Defendant's employees and other individuals who witnessed the creation of the alleged condition and/or gain knowledge as to how the alleged condition came exist after the alleged incident occurred.

**RESPONSE:**

11-25-2020                    20181144506                    6020201125019106

## PLAINTIFF'S FIRST SET OF REQUEST FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1:**
Plaintiff properly named defendant in Plaintiff's original petition.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 2:**
Defendant owned the alleged premises involved in the alleged incident that made the basis of this lawsuit.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 3:**
Defendant had control of the alleged premises involved in the alleged incident that made the basis of this lawsuit.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 4:**
Defendant was in charge of training Defendant's employees involved in the alleged incident that made the basis of this lawsuit.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 5:**
Defendant's business was open to the public when the alleged incident occurred.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 6:**
Plaintiff was a customer of Defendant's business when the alleged incident occurred.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 7:**
Plaintiff was an invitee on the alleged premises when the alleged incident occurred.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 8:**
Defendant was notified of the improper training of its employees regarding maintaining the alleged premises.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 9:**
Defendant's employees caused the improper maintenance of the alleged premises.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 10:**
Defendant's employees created the alleged condition on the date of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 11:**
Admit that on November 30, 2018, the alleged incident that made the basis the of this lawsuit occurred on the alleged premises.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 12:**
Admit that Defendant was negligent with respect to the occurrence of the alleged incident?

**ANSWER:**

**REQUEST FOR ADMISSION NO. 13:**
Admit that weather did not play a role in the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 14:**
Admit that Plaintiff was injured on the alleged premises on the day that the alleged incident occurred.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that Defendant's actions and/or inactions on the day of the alleged incident were the proximate cause of Plaintiff's injuries was injured on the alleged premises.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 16:**
Admit that Defendant is liable to Plaintiff for the injuries and damages he suffered as a result of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 17:**
Admit that Defendant is liable to Plaintiff for the lost wages he accumulated as a result of the alleged incident.

Page 28 of 32

**ANSWER:**

**REQUEST FOR ADMISSION NO. 18:**
Admit that Plaintiff's injuries that resulted from the alleged incident were not the due of a pre-existing injury(s) and/or condition(s) not related to the incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 19:**
Admit that Plaintiff's injuries that resulted from the alleged incident were not the due or sustained from a subsequent injury(s) and/or condition(s) not related to the incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 20:**
Admit that the alleged condition existed on the floor of the alleged premises on the date of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 21:**
Admit that the medical treatment received by Plaintiff as a result of the alleged incident was necessary.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 22:**
Admit that the charges for the medical treatment received by Plaintiff as a result of the alleged incident was reasonable.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 23:**
Admit that there were no precautions, safety barriers, or safety warning on the floor in the area where the alleged incident occurred on the date of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 24:**
Admit that Defendant preserved store surveillance footage/video footage related to the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 25:**
Admit that Defendant has store surveillance footage/video footage of the alleged incident in its possession.

**ANSWER:**

Page 29 of 32

**REQUEST FOR ADMISSION NO. 26:**
Admit that Defendant has store surveillance footage/video footage of the alleged incident in its possession.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 27:**
Admit that Plaintiff told Defendant's employees that he was injured on the date that the alleged incident occurred as a result of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 28:**
Admit that Defendant has actual knowledge of the alleged condition prior to the occurrence of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 29:**
Admit that Defendant has constructive knowledge of the alleged condition prior to the occurrence of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 30:**
Admit that Defendant has employees in the area where the alleged incident occurred at the time of the alleged incident.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 31:**
Admit that Defendant's corporate representative answered these admissions.

**ANSWER:**

**REQUEST FOR ADMISSION NO. 32:**
Admit that Defendant's attorney answered these admissions.

**ANSWER:**

## PLAINTIFF'S REQUEST FOR DISCLOSURES TO DEFENDANT

Pursuant to Rule 194 and Rule 190 of the Texas Rules of Civil Procedure, Defendant **HOME DEPO U.S.A, INC.,** is requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a-I) and Rule 190 (b)(6).

Page 31 of 32

## VERIFICATION

STATE OF _____          §
                                   §
COUNTY OF _____           §


BEFORE ME, the undersigned authority, on this day personally appeared

_____, who being first duly sworn, stated that he/she is

the _____ of the **HOME DEPO U.S.A, INC.**, in the above referenced cause of

action, that he/she has read the above and foregoing Answers and/or Objections to Plaintiff's

Interrogatories and such answers are true and correct.

**HOME DEPO U.S.A, INC.,**

**By:** _____
**Title:** _____


SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on the _____

day of _____, 2020.


_____
Notary Public, State of Texas

Page 32 of 32

11-25-2020                    20181144506                    6020201125019106

FILED 12/10/2020 5:21 PM
2020-DCL-05524 / 48851125
LAURA PEREZ-REYES
Cameron County District Clerk
By Adriana Munoz Deputy Clerk

CAUSE NO. 2020-DCL-05524-B

| | | |
|---|---|---|
| RAFAEL ESCOBEDO, JR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT HOME DEPOT U.SA., INC.'S ORIGINAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein), in the above-entitled and numbered cause, and for its Original Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

### II.
### AFFIRMATIVE DEFENSES

2.    By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.    Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

4.      Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

5.      Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

6.      Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

7.      Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

8.      Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

9.      Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

10.     To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's

medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

11.     To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

12.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

13.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

14.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

15.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

16.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

17.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

18.     The alleged condition complained of by the Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By: /s/ *Amy Welborn*       
     **AMY WELBORN**
     State Bar No. 24012853
     awelborn@hpylaw.com
     **TROY D. HELLING**
     State Bar No. 24007340
     thelling@hpylaw.com

     2705 Bee Caves Road, Suite 220
     Austin, Texas 78746
     (512) 687-6900
     (512) 687-6990 (Fax)
      -AND-
     4514 Cole Ave., Suite 500
     Dallas, TX 75205
     (214) 780-5100
     (214) 780-5200 (Fax)

     ATTORNEYS FOR DEFENDANT
     HOME DEPOT U.S.A., INC.

## CERTIFICATE OF SERVICE

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this 10th day of December, 2020.

Robert L. Perez
rperez@loncarassociates.com
Ashley Cedillo
acedillo@loncarassociates.com
Loncar Associates
321 S. 12th Street
McAllen, Texas 78501

FILED 12/11/2020 8:44 AM
2020-DCL-05524 / 48856813
LAURA PEREZ-REYES
Cameron County District Clerk
By Adriana Munoz Deputy Clerk

CAUSE NO. 2020-DCL-05524

| | | |
|---|---|---|
| RAFAEL ESCOBEDO, JR., | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| HOME DEPO USA, INC. | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## DEFENDANT HOME DEPOT U.SA., INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW Defendant Home Depot U.S.A., Inc. ("Defendant" herein), in the above-entitled and numbered cause, and for its First Amended Answer to Plaintiff's Original Petition would respectfully show unto the Court as follows:

## I.
## GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant hereby enters a general denial, and demands that Plaintiff be required to prove his allegations by a preponderance of the evidence.

## II.
## AFFIRMATIVE DEFENSES

2.      By way of affirmative defense, Defendant affirmatively alleges that the incident made the basis of this suit and Plaintiff's damages, if any, were proximately caused by Plaintiff's own fault and/or negligence.

3.      Plaintiff's injuries and damages, if any, were unavoidable, were the result of preexisting injuries or conditions, were the result of natural and ordinary diseases of life or were caused in whole or in part by "acts of God" or environmental or other factors over which Defendant had no control.

4.     Defendant asserts the doctrine of comparative causation, which may bar any recovery by Plaintiff, or may in the alternative reduce the amount of recovery by Plaintiff based on the Plaintiff's own percentage of fault.

5.     Defendant asserts the affirmative defense of contributory negligence. The negligence of Plaintiff caused or contributed to Plaintiff's injures so that the claims are barred or, in the alternative, must be reduced in accordance with the relative degree of Plaintiff's own negligence. Defendant requests the trier of fact to determine Plaintiff's liability and percentage of responsibility pursuant to Texas Civil Practice & Remedies Code section 33.003.

6.     Defendant is entitled to all caps and limitations on damages pursuant to the Texas Civil Practice & Remedies Code.

7.     Defendant is not responsible for any expenses or damages allegedly incurred by Plaintiff due to Plaintiff's own acts, conduct, negligence and/or failure to exercise reasonable care in mitigating Plaintiff's damages.

8.     Plaintiff's own negligent acts were more than 50% of the proximate cause of Plaintiff's injuries. Under Chapter 33 of the Texas Civil Practice and Remedies Code, Plaintiff is not entitled to the relief requested in the Petition. To the extent that Plaintiff's proportionate responsibility is less than 50%, Plaintiff's damages must be reduced by the percentage to which Plaintiff is responsible for their injuries.

9.     Defendant alleges that Plaintiff's injuries and/or damages were caused by an intervening event for which Defendant has no liability.

10.    To the extent that Plaintiff's medical expenses exceed the amount actually paid on Plaintiff's behalf to Plaintiff's medical providers, Defendant asserts the statutory defense set forth in Section 41.0105 of the Texas Civil Practice and Remedies Code. Thus, recovery of Plaintiff's

medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiff.

11.     To the extent that any health care provider has written off its charges for medical care for Plaintiff and/or paid charges for medical care in connection with the injuries underlying this suit, and in the unlikely event that Plaintiff obtains a final judgment against Defendant, Defendant is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by others and accruing to Plaintiff pursuant to Texas Civil Practice & Remedies Code Section 41.0105.

12.     Defendant is entitled to a credit or offset equal to the amount of any and all sums that the Plaintiff has received, or may hereinafter receive, by way of settlement with any person or party. Alternatively, Defendant contends that it is entitled to a proportionate reduction of any damages found against it based upon the percentage of negligence attributable to the settling tortfeasor, cross claimant, designated third party, or other party to this case.

13.     Any claims for pre-judgment interest are limited by the dates and amounts set forth in Section 304.104 of the Texas Finance Code and Section 41.007 of the Texas Civil Practice & Remedies Code.

14.     Defendant alleges that the injuries and damages alleged by Plaintiff may be due to Plaintiff's own negligence and recklessness in that Plaintiff's failure to exercise ordinary care proximately caused, in whole or in part, the alleged injuries and damages complained of by Plaintiff. Plaintiff's acts and omissions, whether taken together or separately, may be the sole proximate cause, or a proximate cause of the injuries and damages Plaintiff has alleged in this lawsuit. Any recovery by Plaintiff is therefore barred, or alternatively should be reduced in accordance with the applicable law.

15.     The injuries pled by Plaintiff may have been caused, in whole or in part, by superseding and/or intervening causes, including preexisting conditions and/or injuries and subsequently occurring injuries and/or conditions that were not Defendant's own creation.

16.     Defendant states that the alleged occurrence, incident, event or accident underlying this suit may have been caused by the negligence of a third party or parties over whom Defendant had no control and said negligence was the proximate cause, or in the alternative, the sole proximate cause of the occurrence, incident, event or accident underlying this suit and of the alleged damages to Plaintiff.

17.     In the highly unlikely and remote event that the Plaintiff should recover any amount of money damages for lost income or loss of earning capacity, Defendant affirmatively pleads that such recovery is only recoverable in an amount reduced to present value and after all income taxes have been deducted.

18.     The alleged condition complained of by the Plaintiff was open and obvious to a reasonably prudent person and therefore the Plaintiff either knew or should have known of any alleged deficiencies in the subject property and accepted the same with such knowledge. As a result, Plaintiff's recovery should be barred.

19.     Defendant asserts the defense of unavoidable accident. The damages plaintiff claims were due to an accident that was not caused by the negligence of any party, and one that could not be prevented by the exercise of due care.

### III.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Home Depot U.S.A., Inc. prays that Plaintiff take nothing by this action and Defendant be dismissed with its costs, and for such other relief, both general and specific, at law or in equity, to which Defendant may be justly entitled.

Respectfully submitted,

Hawkins Parnell & Young, LLP

By:      /s/ *Amy Welborn*
         **AMY WELBORN**
         State Bar No. 24012853
         awelborn@hpylaw.com
         **TROY D. HELLING**
         State Bar No. 24007340
         thelling@hpylaw.com

         2705 Bee Caves Road, Suite 220
         Austin, Texas 78746
         (512) 687-6900
         (512) 687-6990 (Fax)
                -AND-
         4514 Cole Ave., Suite 500
         Dallas, TX 75205
         (214) 780-5100
         (214) 780-5200 (Fax)

         ATTORNEYS FOR DEFENDANT
         HOME DEPOT U.S.A., INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify by my signature above that a true and correct copy of the foregoing document has been sent via electronic service to counsel of record in accordance with the Texas Rules of Civil Procedure, on this 11th day of December, 2020.

Robert L. Perez
rperez@loncarassociates.com
Ashley Cedillo
acedillo@loncarassociates.com
Loncar Associates
321 S. 12th Street
McAllen, Texas 78501